**Ronald HESTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8609–CR–861.**

Supreme Court of Indiana.

Sept. 25, 1987.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, and Theft, a Class D felony. Appellant was sentenced to twenty (20) years for the burglary and four (4) years for the theft, the sentences to run concurrently.

The facts are: On July 29, 1985, the home of James Lynch, in the city of Indianapolis, was burglarized. A green toolbox, some tools and a watch were taken from the residence. Ralph Galloway, who lived near the Lynch residence, observed a man push in a window and go into the Lynch home. When the man emerged from the backdoor carrying a green toolbox, Galloway called police. He described the man as white, wearing a yellow T-shirt and jeans, and carrying the green toolbox.

Officer Benton responded to the call and was advised by the dispatcher that the suspect was walking along Washington Street. Officer Benton apprehended appellant, who was carrying a green toolbox. A subsequent search of appellant disclosed that he was carrying several tools in his pockets and was also carrying a watch. The toolbox, the tools and the watch were all later identified by Lynch as objects taken from his home.

At the time of the arrest, Galloway identified appellant as the person he saw leaving the Lynch home. However, at trial, Galloway stated he was unable to identify appellant in that he looked entirely different to him at trial than he did on the day of the arrest.

Appellant claims the judgment is not sustained by sufficient evidence. He takes the position that no reasonable person could infer appellant's guilt beyond a reasonable doubt from the evidence submitted, citing *Freeman v. State* (1984), Ind. App., 458 N.E.2d 694. He claims the evidence is insufficient to prove his identity as the perpetrator because he was not identified to the burglarized premises.

He points to the fact that fingerprints found at the Lynch home were indistinguishable and that Galloway was unable to identify him at the trial. Both of these factors merely go to the weight of the evidence to be determined by the jury. In view of the facts above recited, the absence of identifiable fingerprints is *de minimis*. The fact that Mr. Galloway could not identify appellant at trial is rendered as of little moment in view of the fact that on the day of the crime it was his description of appellant that led to appellant's arrest, and he positively identified appellant on that day. The evidence is clearly sufficient to support the verdict of the jury.

Appellant claims the sentences of twenty (20) years for burglary and four (4) years for theft are excessive. Appellant points to the fact that he suffers from inherited mental retardation and has an intelligence quotient of 67. Low mental capacity is not a defense to a criminal charge. *Brown v. State* (1983), Ind., 448 N.E.2d 10.

The trial court substantiated its finding of aggravating circumstances by taking into consideration appellant's prior convictions of second-degree burglary, two convictions of offenses against property, burglary, a Class C felony, parole violation in 1983, residential burglary, a Class B felony, and the fact that appellant was on parole at the time he committed the instant offense. This is clearly sufficient to satisfy the criteria provided in Ind.Code § 35–38–1–7. *Harvey v. State* (1986), Ind., 498 N.E.2d 1231. We see no abuse of discretion in imposing the sentences in this case.

Appellant claims the trial court erred in permitting Officer Benton to testify concerning the information he received, which led to appellant's arrest. It is proper for a police officer to testify concerning the communications that he received which led him to make an arrest. *Rhoton v. State* (1985), Ind., 483 N.E.2d 51; *Stout v. State* (1985), Ind., 479 N.E.2d 563.

Appellant also claims the court erred in admitting State's Exhibits Nos. 2, 8, 9 and 10. Exhibit No. 2 is a photograph depicting an open toolbox with tools inside it and around it. He claims this exhibit was erroneously admitted because it showed not only the toolbox but its contents, when in fact the witness had only testified that he had seen the green toolbox, and also because some of the items could not have possibly fit into the box. This contention has no merit considering that the police officer testified that immediately upon stopping appellant he was searched and tools were found in addition to those contained in the toolbox.

Exhibit No. 8 is a latent fingerprint card, Exhibit No. 9 is a photograph of an envelope and a watch, and Exhibit No. 10 is a photograph of the empty toolbox and tools. The question as to Exhibit No. 8 is irrelevant to this appeal, in that the fingerprints were not distinguishable. It was probably inadmissible on that basis; however, appellant can demonstrate no harm by its admission, in that it proved nothing in the case.

Appellant objects to State's Exhibits Nos. 9 and 10 on the ground that a chain of custody was not maintained on those items. These items were non-fungible goods readily identifiable by the owner and were also identified by the arresting police officer as the goods taken from appellant at the time of his arrest. They were clearly admissible under the identification submitted in evidence. *Dier v. State* (1982), Ind., 442 N.E.2d 1043; *Boyd v. State* (1986), Ind., 494 N.E.2d 284.

The trial court is affirmed.

SHEPARD, C.J. and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.