Archie GIBSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8611–CR–956.

Supreme Court of Indiana.

Dec. 16, 1987.

Nathaniel Ruff, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a term of twelve (12) years.

The facts are: On August 17, 1984, at about 5:30 p.m., appellant was observed by one witness, Eric Enoch, leaving the burglarized home of Mrs. Coxsom on Connecticut Street in Gary, Indiana. Another witness, Edward Mazur, saw appellant and two companions carrying a console television set down the alley next to Mazur's garage. Mazur called the Gary Police and set out in his truck to look for appellant and his companions. Minutes later, Mazur observed appellant with the television set in the doorway of a nearby abandoned house. When confronted with having stolen the television set, appellant denied the allegation and walked away. A few moments later he was apprehended by Gary Police and found to be in possession of a camera and two watches, which were later identified along with the television set and a brown leather jacket as having been removed from the home of Mrs. Coxsom.

■ Appellant contends that the trial court erred in refusing his tendered jury instruction on the defense of voluntary intoxication. He was seen by witness Enoch carrying a beer bottle while exiting Mrs. Coxsom's forcibly-entered home, where later more beer bottles were found. Appellant was described by one Gary police officer in his arrest report as being "high or intoxicated" when apprehended. The other arresting officer testified that appellant smelled of intoxicating beverages, yet appeared to be coherent at the time of his arrest.

The State in its brief contends only that the alleged error of refusing appellant's tendered instruction was waived by his failure to set forth the instruction verbatim in the argument section of his brief, thereby failing to comply with Ind.R.App.P. 8.3(A)(7). In his reply brief, appellant belatedly sets out verbatim the instruction on voluntary intoxication and asks this Court to reach the merits of his assignment of error in the interest of justice. Appellant then points out that the cases cited by the State to support its contention of waiver also go on to find no merit with the tendered instructions at issue.

However, this Court, in a decision handed down subsequent to the filing of the instant appeal, has unequivocally determined that an appellant's omission of the requested jury instruction and objections thereto, in contravention of Ind.R.App.P. 8.3(A)(7), constitutes a fatal waiver of that assignment of error. Where a criminal defendant contends the trial court committed reversible error in refusing to give his tendered jury instructions, we held that such alleged error was waived because of the defendant's failure to comply with Ind.R. App.P. 8.3(A)(7) by his failure to set forth verbatim the instructions and objections. We emphasized that the rule states "the instruction *shall* be set out verbatim.... Any error alleged in the motion to correct errors not treated as herein directed *shall* be deemed waived." *Riley v. State* (1987), Ind., 506 N.E.2d 476, 480.

In the case at bar, while appellant belatedly set forth his requested instruction in his reply brief, he still failed to include the objections made regarding it (and the record shows there were some). Thus appellant has clearly waived his appeal of the trial court's refusal to grant the tendered instruction.

Even had appellant not waived this question, we would find it without merit. As appellant states in his brief, the test for granting an instruction to the jury on the voluntary intoxication defense is whether there is an adequate evidentiary basis for it.

"That basis exits where the evidence of intoxication, if believed, is such that it could create a reasonable doubt in the mind of a rational trier of fact that the accused entertained the requisite intent. If it could do so the refusal of the instruction is error." *Williams v. State*

(1980), 273 Ind. 105, 108–09, 402 N.E.2d 954, 956.

Appellant puts forth as evidence to support his voluntary intoxication defense the facts adduced at trial that he was seen with a beer bottle and was categorized by officers as being intoxicated when arrested. He also contends that he was not shown to be "able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill," any of which would, "[a]s a general proposition," negate his defense of voluntary intoxication. *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088. However, a few lines above in *Terry* we stated that:

> "The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills." *Id.* at 1088.

Moments before his arrest, appellant apparently possessed enough awareness of the consequences of his conduct so as to deny the accusation that he had stolen the television set, and to attempt to escape his accusers, leaving the stolen television set and leather jacket behind in the abandoned house.

In addition, this Court has foreseen a narrow use of the intoxication defense. "Where, as in *Terry*, a defendant is intoxicated, yet his actions show he has the ability to form the requisite *mens rea*, he may not use the intoxication defense." *Early v. State* (1985), Ind., 482 N.E.2d 256, 258. The question is not merely whether appellant was intoxicated, but rather "whether or not appellant's intoxication was sufficient to deprive him of the ability to form the necessary intent." *Butrum v. State* (1984), Ind., 469 N.E.2d 1174, 1176. There was no evidence adduced at trial that would reasonably tend to show that appellant's intoxication at the time was so severe as to prevent him from forming the requisite intent.

The trier of fact must not be left to merely speculate as to the degree of the defendant's intoxication and whether he was able to form any specific level of intent. Therefore we hold that the trial court was not in error when it found the evidence would not support the granting of an instruction regarding the defense of voluntary intoxication.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.