**Kerry Thomas MAGERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 71S00–9306–CR–633.

Supreme Court of Indiana.

Sept. 28, 1993.

Philip R. Skodinski, South Bend, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant entered a plea of guilty to Murder. He received a sentence of fifty-five (55) years. In this appeal, he challenges the trial court's sentence claiming the court failed to acknowledge and overlooked mitigating circumstances supported by the record.

The facts are: On August 27, 1992, appellant and Sean Porter called a taxi cab for themselves and two girls. After the girls left the cab, the men ordered the

driver, Kathy Alford, the victim in this case, to drive to a location on the southeast side of South Bend. Appellant asked Mrs. Alford for money and she responded that she had nothing but food stamps and a medicaid card. When she reached for her purse, appellant thought she was reaching for a gun and shot her in the back of the head. Later, at the police station, he appeared to have no remorse, and in fact he appeared to be bragging about shooting the woman.

Appellant filed a notice of insanity defense and the trial court appointed two psychiatrists to examine him. However, appellant withdrew his not guilty plea and entered a plea of guilty to murder with the agreement that the prosecuting attorney would withdraw other charges.

Appellant claims the trial court did not take into consideration the fact that when he was a teenager he had been admitted by his adoptive parents to Oak Lawn Hospital and then to Hartgrove Hospital because he was incorrigible, was aggressive, and was a paranoid schizophrenic. It was observed that he might at times be psychotic, unpredictable, and potentially dangerous. An update report from Hartgrove Hospital indicated that appellant had progressed in the treatment of his hostility, belligerence, and uncooperativeness though he still had difficulty in managing his own impulses and responding to external control. They observed, however, that he was less inclined to respond to external controls in a negative or hostile fashion and that he gradually was showing a capacity for developing and sustaining trustful relationships. This coupled with the fact that he had no prior criminal record was the evidence in mitigation which he offered.

In his findings of fact at the sentencing, the trial judge found that appellant had threatened to kill others in the recent past, and that appellant and his confederate deliberately entered upon a scheme to rob the cab driver and were prepared to murder whoever was driving the cab. He cited appellant's early conversations with the police in which he appeared to have no remorse and seemed to be "almost proud of

what [he] did." The court found that "the risk ... is tremendously high that you will commit another crime." The trial court then found that there were no mitigating factors.

Appellant takes the position that this was an erroneous finding on the part of the trial court and indicated that the trial court overlooked and did not properly consider the above factors as mitigating, citing *Beatty v. State* (1991), Ind., 567 N.E.2d 1134. We previously have held that the finding of mitigating factors is not mandatory but rests within the sound discretion of the trial court. *Wall v. State* (1991), Ind., 573 N.E.2d 890. The trial court is not obligated to accept a defendant's version of what constitutes mitigating circumstances. *Gaddie v. State* (1991), Ind., 566 N.E.2d 535. Low mental capacity is not a defense to a criminal charge. *Hester v. State* (1987), Ind., 512 N.E.2d 1110. Mental disease as defined by statute "does not include an abnormality manifested only by repeated unlawful or antisocial conduct." Ind.Code § 35–41–3–6(b).

In the case at bar, the trial court was not required to accept appellant's observation that his past conduct and hospitalization should be considered as a mitigating circumstance. The trial court did not err in rendering sentence in this case.

The trial court is affirmed.

SHEPARD, C.J., and KRAHULIK, J., concur.

DeBRULER and DICKSON, JJ., dissent without separate opinion.