**Kevin LEGUE, Defendant–Appellant,**

v.

**STATE of Indiana Plaintiff–Appellee.**

No. 61S00–9504–CR–434.

Supreme Court of Indiana.

Dec. 4, 1997.

**410**

Jessie A. Cook, Hellmann & Cook, Terre Haute, for Defendant–Appellant.

Pamela Carter, Attorney General, Christopher L. LaFuse, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

The defendant, Kevin Legue, was convicted of the May, 1994, shotgun murder of Mark Sykes and the attempted kidnapping of John Bosse. The trial court ordered an aggregate sentence of one hundred and ten years, sixty years for the murder and fifty years for the attempted kidnapping, to be served consecutively. This direct appeal presents three claims: (1) ineffective assistance of counsel; (2) erroneous refusal to give an tendered instruction; and (3) improper and excessive sentence.

The defendant first contends that he received ineffective assistance of trial counsel because his defense attorney failed to request a jury instruction on the defense of voluntary intoxication. He urges that this defense was supported by evidence of his heavy drinking and resulting intoxication before the crimes. In response, the State argues that the evidence at trial did not warrant the instruction.

To establish a claim of ineffective assistance of trial counsel, a defendant must demonstrate both deficient performance and resulting prejudice. He must show both that his counsel's performance was deficient, making errors so serious that the counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and that, because of the deficiency, his convictions are fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180, 189 (1993); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). However, we need not determine deficient performance before examining the prejudice prong of the test. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699. Stating, "[t]he object of an ineffectiveness claim is not to grade counsel's performance," the Court in *Strickland* instructs that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

The lack of an instruction on voluntary intoxication in this case did not render the convictions fundamentally unfair or unreliable. The defendant acknowledges that the voluntary intoxication defense is only available when the evidence shows that a defendant's intoxication was so great as to prevent forming the requisite intent. *Gibson v. State*, 516 N.E.2d 31, 33 (Ind.1987). We have stated that "a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Miller v. State*, 541 N.E.2d 260, 263 (Ind.1989).

The defendant testified that he believed he had consumed a case and a half of beer during the day before the incident and was intoxicated. However, following his shooting of Sykes, the defendant was able to reload the shotgun, check for the victim's pulse, and formulate a plan for leaving the scene of the crime in Sykes's pickup truck. He searched for keys on the victim's body, the truck dashboard, seats, and floorboard. When he could not locate the keys, he attempted to "hot wire" the truck ignition with a screwdriver. Because this evidence shows that the defendant, while arguably intoxicated, nevertheless had the ability to form the requisite intent, "he may not use the intoxication defense." *Early v. State*, 482 N.E.2d 256, 258 (Ind.1985). Thus, an instruction on voluntary intoxication would not have been proper

even if the defendant's trial counsel had requested it and we therefore decline to find that the convictions are fundamentally unfair or unreliable. His claim of ineffective assistance of counsel fails.

■ The defendant's second contention is that the trial court erroneously refused his tendered instruction which would have advised the jury that "the absence of motive in a homicide case is a powerful circumstance intending to exculpate a defendant when the State's proof is entirely by circumstantial evidence." Record at 184. He argues that this instruction is a correct statement of law as set forth in *German v. State*, 166 Ind.App. 370, 377, 337 N.E.2d 883, 887 (1975).

■ A trial court erroneously refuses an instruction when: (1) the tendered instruction correctly sets out the law; (2) evidence in the record supports the giving of the instruction; and (3) the substance of the tendered instruction is not covered by the other instructions given. *Griffin v. State*, 644 N.E.2d 561, 562 (Ind.1994).

■ In *German*, an appeal from a conviction for involuntary manslaughter, refusal of a tendered instruction was not at issue. Rather, the case discussed the sufficiency of evidence of the defendant's intent to point a firearm at the decedent. The State conceded the absence of direct evidence and argued that intent could have been inferred from certain circumstantial evidence. Finding that the conviction could only be supported by inferences drawn from other inferences, the court reversed it, concluding that the evidence only raised a mere suspicion of guilt. The court's subsequent comments regarding the absence of motive merely supplemented its reasoning on the issue of evidence sufficiency. While jury instructions may properly derive from principles of law expressed in judicial opinions, this is not necessarily so for every statement of appellate reasoning. The discussion in *German* does not create a principle of law appropriate for jury instruction.[1] It was not error to refuse to give the tendered instruction.

■ The defendant also contends that the sentence imposed improperly failed to consider intoxication as a mitigator and that it was manifestly unreasonable in severity.

■ The trial court found that no mitigating factors existed. A finding of mitigating circumstances is well within the discretion of the trial court. *Magers v. State*, 621 N.E.2d 323, 324 (Ind.1993). The trial court is not obligated to accept the defendant's assertions as to what constitutes a mitigating circumstance. *Id.* Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was improperly overlooked. *Jones v. State*, 467 N.E.2d 681, 683 (Ind.1984).

■ Clearly, when there is conflicting evidence as to a claim of intoxication at the time of the offense, the trial court is not required to give it mitigating weight. *Crawley v. State*, 677 N.E.2d 520, 523 (Ind.1997). Furthermore, we are reluctant to hold that mitigating consideration is necessarily required for sentencing when, at the time of an offense, the defendant was intoxicated. In *Wilson v. State*, 533 N.E.2d 114, 117 (Ind. 1989), we found that the trial court did not err in finding no mitigating circumstances despite the fact that the defendant was drunk at the time of the offense. Finding such circumstance to be mitigating may involve the consideration and evaluation of various factors, among them the degree of intoxication and the defendant's culpability in the knowing and voluntary consumption of alcohol. These matters are best left to the sound discretion of the trial court. We decline to find that the trial court failed to consider mitigating circumstances.

■ The defendant also requests this Court to exercise our constitutional authority to review and revise the sentence imposed by the trial court. IND. CONST. art. 7, § 4. Upon such review, a sentence will be revised only "where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.Appel-

---

1. Likewise, in *Osbon v. State*, 213 Ind. 413, 13 N.E.2d 223 (1938), the authority cited in *German*, the absence of motive was discussed only as it related to the issue of sufficiency of evidence and there was no claim of entitlement to a jury instruction.

late Rule 17(B). The defendant contends that the sentence was manifestly unreasonable particularly because of the defendant's age (twenty-nine), the nature and circumstances of the crime, and his state of intoxication at the time of the offenses.

The defendant committed the murder by shooting the victim in the head with a shotgun. As noted by the trial court, the defendant had a substantial prior criminal history spanning thirteen years and involving fourteen separate offenses and multiple violations of probation. Considering the nature of the offense and the character of the offender, we decline to find the sentence manifestly unreasonable.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

SULLIVAN, J., concurs in affirming the convictions but dissents as to sentence.