**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 15 2014, 6:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM A. GRAY**
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENTON T. WINDER,                      )
                                       )
   Appellant-Defendant,            )
                                       )
      vs.                  )     No. 10A04-1309-CR-461
                                       )
STATE OF INDIANA,                      )
                                       )
   Appellee-Plaintiff.             )

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1206-FB-98

April 15, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Kenton T. Winder appeals his sentence following his convictions for robbery, as a Class B felony; criminal confinement, as a Class B felony; and carrying a handgun without a license, as a Class A misdemeanor. Winder raises four issues for our review, which we restate as the following two issues:

1.    Whether the trial court abused its discretion when it sentenced him.

2.    Whether Winder's sentence is inappropriate in light of the nature of the offenses and his character.

We affirm Winder's sentence but we remand with instructions that the trial court correct the abstract of judgment.

## FACTS AND PROCEDURAL HISTORY

On June 4, 2012, Winder entered Sally's Beauty Supply in Clarksville, asked for a job, and then left. He then came back into the store brandishing a firearm, grabbed one of the two female store employees around the neck, and then confined both women in a back room while ordering them to disrobe, which they did. Winder then robbed one of the women. Both employees eventually escaped their confinement by fleeing into nearby public places while still disrobed. Police officers apprehended Winder later that day.

On June 6, the State charged Winder with robbery, as a Class B felony; criminal confinement, as a Class B felony; and carrying a handgun without a license, as a Class A misdemeanor. On July 11, 2013, Winder entered into a plea agreement in which he pleaded guilty to all three charges. The plea agreement called for a fourteen-year cap on Winder's maximum potential sentence.

On August 19, the trial court accepted Winder's plea agreement and held a sentencing hearing. Following the arguments of counsel, the court stated as follows:

> In my mind there are a lot of unanswered questions here. I don't see a lot of things tied up. Okay. The presentence report officer and Dr. Galligan . . . both told [the court] that you're very active in your children's lives as you should be. That's your responsibility . . . but I don't see that as a consistent thing and I hear evidence that you're actually living someplace else and I know your family supports you, but how old are you sir?
>
> DEFENDANT:     I'm 29.
>
> THE COURT:     29. Okay.
>
> DEFENDANT:     Yes, sir.
>
> THE COURT:     All right. And so I'm glad you're making progress on the addictions and medication issues, but I have to tell you that [Indiana law] does not limit what the Court may consider. . . . And I certainly am considering and finding that this was a reckless crime of violence. Walking into a store with a gun is totally unacceptable, placing people in fear is totally unacceptable and what you did to that woman is something at the age of 29 you should know you don't treat women that way. . . . You have daughters. . . . [T]hat certainly is something that maybe you'll never tell them about . . . and certainly being a father of daughters, I can't explain why you made th[ose] wom[e]n undress. You can't explain it to me. You stammered and you stuttered and I didn't hear you telling me that you were dead drunk or something like that. I don't understand it, but I wouldn't have found that to be an excuse either when you walk into a retail outlet with a gun. Guns kill people. So on the crime of Robbery, I'm going to sentence you to a ten year term of imprisonment and find . . . that aggravating circumstances outweigh mitigating circumstances and I'm going to add two years to that sentence. . . . I'm going to sentence you on Count II to the offense of Criminal Confinement for a term of ten years, which will be run concurrent with the Robbery charge. On Count III I'm going to sentence you for Carrying a Handgun without a license to a one year term of imprisonment that will . . . run concurrent with the other two charges. So your total sentence to be executed is twelve years. . . . I'm going to suspend[] three of those years, but you're going to have to serve an executed sentence of eight years. I'm going to allow you to serve that last year of your sentence on . . . our Community Corrections Program . . . .

Transcript at 71-75. This appeal ensued.

# DISCUSSION AND DECISION

## Issue One: Abuse of Discretion in Sentencing

Winder contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Winder assets that the trial court abused its discretion when it sentenced him for several reasons. First, Winder argues that the trial court failed to consider the undue hardship his incarceration would have on his family. Winder is incorrect. The trial court considered and expressly rejected this proffered mitigator, stating that Winder was "very active" in the lives of his children but that that was not "a consistent thing." Transcript at 71-72. The court also noted that Winder is twenty-nine years old yet is being supported

4

by his family. Winder's argument that the trial court failed to consider this proffered mitigator is without merit.

Winder next argues that the trial court failed to consider the significance of his employment history and Winder's successful daily reporting to community corrections while on bond for the instant offense. But, again, the finding of mitigating factors is within the discretion of the trial court, and the court is not obligated to accept the defendant's contentions as to what constitutes a significant mitigating factor. McCann v. State, 749 N.E.2d 1116, 1121 (Ind. 2001) (citing Legue v. State, 688 N.E.2d 408, 411 (Ind. 1997)). "'An allegation that the trial court failed to identify or find a mitigating [factor] requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record.'" Id. (quoting Carter v. State, 711 N.E.2d 835, 838 (Ind. 1999)). And Winder acknowledges that "post-incident conduct may not be especially weighty as a mitigating factor." Appellant's Br. at 13. Winder's arguments on appeal do not demonstrate that these proffered mitigators were significant or clearly supported by the record, and we cannot say that the trial court abused its discretion when it did not find otherwise.

Third, Winder asserts that the trial court abused its discretion when it declined to accept the probation department's recommended sentence in the presentence investigation report. The probation department recommended Winder receive a twelve year sentence, with six years executed, two years on work release, and the remainder suspended to probation. The State asked the court to "at a mini[m]um" follow that recommendation, which the State recognized as "very fair." Transcript at 66.

5

The trial court is under no obligation to base its sentencing determination on the presentence investigation report or on the probation department's sentencing recommendation. Fugate v. State, 516 N.E.2d 75, 80 (Ind. Ct. App. 1987). And, in any event, here the trial court sentenced Winder to twelve years, with eight years executed, one year in community corrections, and three years suspended. Thus, the court's deviation from the sentence recommended by the probation department was not significant. We cannot say the trial court abused its discretion on this issue.

Finally, Winder asserts that the trial court's abused its discretion when it sentenced him because it "fail[ed] to consider Indiana Constitution Article 1[,] Section 18" in crafting Winder's sentence. Appellant's Br. at 15. This argument is not supported by cogent reasoning and is waived. Ind. Appellate Rule 46(A)(8)(a); see also Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008) ("Section 18 applies only to the penal code as a whole and not to individual sentences.") (quotation omitted), trans. denied. The trial court did not abuse its discretion when it sentenced Winder.

**Issue Two:  Indiana Appellate Rule 7(B)**

Winder also asserts that his sentence is inappropriate. Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873

(Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Winder's sentence is not inappropriate. On this issue, Winder's only argument is that his character—in particular, his educational background and his work history— justifies a less onerous sentence. But Winder ignores less favorable aspects of his character, namely, that shortly before June 4, 2012, he had gambled away an entire paycheck; that he has a history of problems with controlled substances, including illegal substances and prescription substances; that he has two prior felony convictions for possession of marijuana; and that he has twice had prior terms of probation revoked.

Winder's argument on appeal also wholly ignores the nature of the offenses. See Ind. Appellate Rule 46(A)(8)(a). As explained above, after casing the store by asking for

a job application Winder reentered while brandishing a firearm, a decision the trial court referred to as "reckless." See Transcript at 72. He physically assaulted one of the two female workers before confining both of them and then ordering them to disrobe. After each of the disrobed women escaped his confinement—fleeing into public without clothing to seek assistance—Winder himself fled the scene.

Further, Winder faced a potential term of forty-one years incarceration for two Class B felonies and a Class A misdemeanor. The trial court ordered him to serve twelve years, with eight years executed, one year in community corrections, and three years suspended. We cannot say that Winder's sentence is inappropriate in light of the nature of the offenses or his character.

Finally, we note that the abstract of judgment mistakenly suggests that Winder may have to serve nine years executed in the Department of Correction. As such, we remand this matter to the trial court with instructions that it correct this mistake and enter an abstract of judgment that accurately reflects Winder's sentence. See Mendoza v. State, 869 N.E.2d 546, 560 (Ind. Ct. App. 2007), trans. denied.

Affirmed and remanded with instructions.

VAIDIK, C.J., and BROWN, J., concur.