**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT HUBBARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1312-CR-622 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1308-FD-911

**July 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On August 8, 2013, Appellant-Defendant Robert Hubbard violated an order of protection and kicked in the door of his ex-girlfriend's apartment. Hubbard was subsequently charged with and pled guilty to Class D felony residential entry and Class D felony invasion of privacy, and admitted that he is a habitual offender. Hubbard was then sentenced to an aggregate six-year term of imprisonment.

On appeal, Hubbard contends that the trial court abused its discretion in sentencing him because it failed to find Hubbard's employment status and claimed charitable nature to be mitigating factors. Hubbard also contends that his aggregate six-year sentence is inappropriate. Because the only evidence of the claimed mitigators was Hubbard's self-serving testimony, which the trial court was not obligated to believe, the trial court did not abuse its discretion in this regard. Likewise, because Hubbard's criminal history includes twenty-three misdemeanor convictions and eight felony convictions, and Hubbard's instant criminal acts displayed a continuation of Hubbard's longstanding abusive and manipulative behavior toward the victim, Hubbard's aggregate six-year sentence is not inappropriate. Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The factual basis entered during the November 5, 2013 guilty plea hearing provides as follows:

> [Defense Attorney]: Thank you, Judge. Robert, you were here in Allen County, Indiana on August 8, 2013, is that correct?
> [Hubbard]:       Yes.
> [Defense Attorney]: You would agree on that date that you knowingly or

intentionally broke and entered the dwelling of Andrea Love, located on Sweeney Avenue, Apt. 4?

[Hubbard]: Yes.

[Defense Attorney]: And on that same date you would agree that you knowingly or intentionally violated an ex parte protective order, is that correct?

[Hubbard]: Yes, sir.

[Defense Attorney]: And that protective order was issued under Cause Number 02D02-1305-PO-1085?

[Hubbard]: Yes, sir.

[Defense Attorney]: And you are the same Robert Hubbard who has a prior conviction for Invasion of Privacy, is that correct?

[Hubbard]: Yes, sir.

[Defense Attorney]: And that conviction date was February 26th 2010 here in Allen County, Indiana?

[Hubbard]: Yes, sir.

[Defense Attorney]: And that was under Cause Number 02D04-1002-CM-823?

[Hubbard]: Yes, sir.

Guilty Plea Tr. pp. 13-14.

On August 14, 2013, Appellee-Plaintiff the State of Indiana (the "State") charged Hubbard with Class D felony residential entry and Class D felony invasion of privacy. The State subsequently filed a notice of intention to seek a habitual offender enhancement. On November 5, 2013, Hubbard pled guilty to both the residential entry and invasion of privacy charges. Hubbard also admitted that he is a habitual offender. The trial court accepted Hubbard's guilty plea. On December 2, 2013, the trial court sentenced Hubbard to a three year term for each of the Class D felony convictions and ordered that these sentences be served concurrently. The trial court also enhanced Hubbard's sentence by an additional three years in light of Hubbard's status as a habitual offender, for an aggregate six-year sentence. This appeal follows.

3

## DISCUSSION AND DECISION

## I. Abuse of Discretion

Hubbard contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

However, "[t]he trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating factor." *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002) (citing *McCann v. State*, 749 N.E.2d 1116, 1121 (Ind. 2001)). Again,

> [t]he finding of mitigating circumstances is within the discretion of the trial court. *Legue v. State*, 688 N.E.2d 408, 411 (Ind. 1997). An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind.

4

1999).

*McCann*, 749 N.E.2d at 1121.

In the instant matter, Hubbard acknowledges that the trial court considered his guilty plea to be a mitigating factor. Hubbard claims, however, that the trial court failed to find the fact that he was employed and had displayed a charitable nature to be mitigating factors. Specifically, Hubbard claims that his employment and alleged charitable nature were both significant and clearly support by the record.

In support of this claim, Hubbard cites to his statements at sentencing, which provide as follows:

> I had a good job with (inaudible) tree service. I saw – I been on (inaudible) with Scott's, Kroger's, was taking down the street the special needs people that didn't have nowhere to go. If they knew they had this tree fell on they house. I went talked to my boss after seeing this on the news and persuaded my boss and another tree company to go over there and knock that tree down so that they could go to the store. I rescued four of my tree limbs, but they didn't know what to do. They calling during this storm. Trees falling everywhere. I rescued them. I made sure they got home.

Sent. Tr. p. 13. The record does not include any corroborating statements from Hubbard's alleged employer or the people that he supposedly rescued. We cannot say upon review that the trial court abused its discretion in failing to find Hubbard's self-serving statements regarding his claimed employment or his alleged charitable nature, without more, to be significant mitigating factors that were clearly supported by the record. As such, we conclude that the trial court did not abuse its discretion in this regard.

## II. Appropriateness of Sentence

5

Hubbard also contends that his aggregate six-year sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

Initially we note that in claiming that his aggregate six-year sentence is inappropriate, Hubbard argues only that his sentence is inappropriate in light of the nature of his offenses. He makes no argument that his sentence is inappropriate in light of his character. With respect to the nature of his offenses, Hubbard claims that his sentence is inappropriate because the facts relating to his criminal acts "are not particularly egregious." Appellant's Br. p. 7. We disagree.

The record demonstrates that Hubbard violated a protective order and kicked in Love's front door. Hubbard then proceeded to terrorize Love by yelling at her and threatening to blow up her apartment. Hubbard and Love had previously engaged in an approximate five year relationship, during which Love was routinely abused and manipulated

6

by Hubbard. Eventually, the abuse and manipulation became overwhelming and Love obtained a protective order against Hubbard. Hubbard's act of violating the protective order and kicking in Love's front door appears to be a continuation of Hubbard's abusive and manipulative behavior towards Love.

With respect to Hubbard's character, our review of the record indicates that Hubbard is of poor character. Over the course of three decades, Hubbard had amassed a substantial criminal history. This criminal history included approximately twenty-three misdemeanor convictions, eight felony convictions, and numerous parole violations.[1] In addition, numerous attempts to rehabilitate Hubbard's behavior through suspended sentences and probation have also failed. We believe the State correctly states that "[i]n short, [Hubbard] is a career criminal who has demonstrated no regard for the law." Appellee's Br. p. 8.

## CONCLUSION

Upon review, we conclude that the trial court did not abuse its discretion in sentencing Hubbard. We further conclude that Hubbard has failed to meet his burden of proving that his aggregate six-year sentence is inappropriate.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.

---

[1] Hubbard's prior misdemeanor convictions include convictions for battery, criminal mischief, disorderly conduct, driving while intoxicated, driving while suspended, false informing, invasion of privacy, malicious destruction of property, operating while intoxicated, operating while suspended, prowl about private premises, public intoxication, resisting law enforcement, and theft. His prior felony convictions include convictions for attempted escape, attempted receiving and concealing stolen property, auto theft, dealing in cocaine or narcotic drug, invasion of privacy, receiving stolen property, residential entry, and theft.