David Lee O'NEILL, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 76S00–9903–CR–163.

Supreme Court of Indiana.

Nov. 19, 1999.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant David Lee O'Neill, Jr., pled guilty to murder under a plea agreement that capped the executed time at fifty-five years. The trial court imposed a fifty-five year sentence, which O'Neill challenges. We affirm.

On December 10, 1997, Casey Wisniewski and O'Neill, both eighteen years old, met at O'Neill's house O'Neill led Wisniewski to his basement, blindfolded her, and said he wanted to show her a surprise. He then shot her twice with a .22 caliber rifle, killing her. He wrapped her body in blankets and covered her with firewood. He drove her car to Illinois, where he was arrested.

After being advised of his rights, O'Neill confessed to killing Wisniewski and later pled guilty. Judge William C. Fee sentenced him to the presumptive sentence. Ind.Code Ann. § 35–42–1–1 (West Supp.

1999); Ind.Code Ann. § 35–50–2–3 (West 1998).

 O'Neill's sole claim of error is that the trial court failed to give proper consideration to five mitigating circumstances.

 Sentencing decisions lie within the sound discretion of the trial judge, and we reverse only for an abuse of that discretion. *Harrison v. State,* 699 N.E.2d 645, 650 (Ind.1998). While Judge Fee did not expressly find any mitigating circumstances, he was not required to do so. "The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *Wingett v. State,* 640 N.E.2d 372, 373 (Ind.1994).

 Moreover, a judge who imposes the presumptive sentence is under no obligation to explain his reasons through the delineation of the aggravating and mitigating circumstances. *See Enamorado v. State,* 534 N.E.2d 740, 744–45 (Ind.1989) (citing *Pettiford v. State,* 506 N.E.2d 1088, 1090 (Ind.1987)). "When the basic sentence is imposed, this Court will presume the trial court considered the alternatives." *Pettiford,* 506 N.E.2d at 1090 (quoting *Wilson v. State,* 465 N.E.2d 717 (Ind.1984)).

O'Neill attempts to rebut this presumption by claiming that Judge Fee's failure to find five mitigating factors indicates they were overlooked. We disagree.

 O'Neill characterized his youth, guilty plea, remorse, troubled childhood, and mental disturbance as significant mitigating circumstances, and argued that they warranted a lesser sentence, but Judge Fee was not obliged to agree. "The trial court is not obligated to accept the defendant's assertions as to what constitutes a mitigating circumstance." *Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997) (citing *Magers v. State,* 621 N.E.2d 323, 324 (Ind.1993)). Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable indication that it was overlooked. *Id.*

The record reveals that the court did consider O'Neill's proposed mitigating factors. At the sentencing hearing, Judge Fee engaged in a lengthy and thoughtful assessment of aggravating and mitigating circumstances. He discussed O'Neill's age,[1] his guilty plea,[2] his remorse,[3] his troubled childhood,[4] and his mental condition.[5] It is apparent that Judge Fee neither ignored facts in the record nor overlooked O'Neill's proposed mitigating factors.

Under the circumstances, we find nothing unreasonable in the trial court's imposition of the presumptive sentence. *Bray v. State,* 430 N.E.2d 1162 (Ind.1982).

We affirm.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

---

1. "When I consider whether or not there are mitigating circumstances I certainly have to note the defendant's chronological age. He's eighteen years old." (R. at 245.)

2. "I think I've already noted for the record that [O'Neill] did enter a guilty plea and I've taken that into consideration in my own deliberations about what sentence ought to be fair and appropriate." (R. at 247.)

3. "I don't think [he is] truly remorseful. I think that [he is] extremely sad, [he is] sorry for [him]self." (*Id.*)

4. "It's true that he had ... a turbulent childhood.... The point here is that there is nothing there that would be tantamount to correlating in any way with what Mr. O'Neill did to Casey Wisniewski." (R. at 245.)

5. "There is nothing in his cited mental condition that would in any way correlate or explain what he did to Casey Wisniewski." (*Id.*)