**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DOUGLAS K. MAWHORR**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 21 2012, 9:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL LEE LARRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1106-CR-549 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-1101-FA-2

**February 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Michael Lee Larry pled guilty to two counts of class B felony cocaine dealing. The trial court sentenced him to concurrent ten-year terms, with eight years executed and two years suspended to probation. Larry now appeals his sentence, claiming that we should "more carefully weigh" the aggravating and mitigating circumstances found by the trial court. Appellant's Br. at 13. Because such claims are not reviewable on appeal, we affirm.

## Facts and Procedural History

In August 2005, the State charged Larry with three counts of class A felony cocaine dealing, one count of class B felony cocaine dealing, and three counts of class D felony maintaining a common nuisance. In April 2011, pursuant to a written plea agreement, Larry pled guilty to two counts of class B felony cocaine dealing (one as a lesser-included offense of one of the class A felony counts), and the State dismissed the remaining charges in this case and all charges in another pending case. Sentencing was left to the trial court's discretion, provided that the sentences would be concurrent and that the executed portion could not exceed ten years.[1]

At the sentencing hearing, the trial court found four mitigating circumstances: (1) that imprisonment could result in undue hardship to Larry's wife and four dependent children; (2) that Larry "was gainfully employed prior to his incarceration and was making an attempt to meet his financial responsibilities"; (3) that Larry pled guilty, "thus allowing the Court to

---

[1] The sentencing range for a class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5.

2

forego the expense and resources necessary to take this cause of action to a jury trial";[2] and (4) that Larry was "remorseful for his actions and accept[ed] responsibility for those actions." Tr. at 32-33. The trial court found two aggravating circumstances: (1) Larry's criminal history, which consisted of a misdemeanor conviction and felony aggravated assault and residential burglary convictions in Mississippi in 1995 and a class B misdemeanor false informing conviction in Indiana in 2005;[3] and (2) that cocaine dealing "is a crime against the public at large." *Id*. at 33. The court then discussed "the nature and circumstances of the crimes," namely, that Larry had "a substantial amount of cocaine" in his residence, "more so than is necessary to prove the elements of the crimes to which he pled guilty,"[4] and that in one instance he "sold drugs in the presence of four (4) minor children, all under the age of ten (10) years." *Id*. The court sentenced Larry to concurrent ten-year terms, with eight years executed and two years suspended to probation. This appeal ensued.

**Discussion and Decision**

---

[2] The trial court noted, however, that Larry benefited from the reduction of one of the charges from a class A to a class B felony and from the dismissal of charges in this case and another case.

[3] Larry's appellant's appendix contains a copy of his presentence investigation report on white paper in violation of the Indiana Rules of Court. Indiana Administrative Rule 9(G)(1)(b)(viii) provides that "[a]ll presentence reports pursuant to Ind. Code § 35-38-1-13" are "excluded from public access" and "confidential." Indiana Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Indiana Trial Rule 5(G) states, "Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked Not for Public Access or Confidential."

[4] The probable cause affidavit indicates that police found fifty grams of cocaine in Larry's residence. Cocaine dealing may be elevated from a class B felony to a class A felony if "the amount of the drug involved weighs three (3) grams or more." Ind. Code § 35-48-4-1(b)(1).

3

By now, it is well settled that "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (citation and quotation marks omitted).

> Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. In order to facilitate its underlying goals, the statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

*Id*. (citation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Id*. at 490-91.

It is equally well settled that because a trial court has no obligation to "weigh" aggravating and mitigating circumstances against each other when imposing a sentence, a trial court cannot be said to have abused its discretion in failing to "properly weigh" such circumstances. *Id*. at 491. "And this is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and

4

mitigating factors, it may then 'impose any sentence that is … authorized by statute; and … permissible under the Constitution of the State of Indiana.'" *Id*. (quoting Ind. Code § 35-38-1-7.1(d)); *see also id*. ("The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.").

Notwithstanding this well-established supreme court precedent, which has been on the books for nearly half a decade, Larry has presented a convoluted two-paragraph argument that concludes as follows: "All of the aggravating circumstances seem to be in the past, while the mitigating circumstances are in the present. The Defendant feels that the mitigating and aggravating circumstances should be more carefully weighed and conflicting ones must be explained as required by law." Appellant's Br. at 12-13. Larry does not explain what he means by "conflicting," and his invitation to reweigh the aggravators and mitigators is a claim "not available for appellate review." *Anglemyer*, 868 N.E.2d at 494. Therefore, we affirm.[5]

Affirmed.

MAY, J., and BROWN, J., concur.

---

[5] Larry also complains that the trial court "failed [to] state whether the mitigating outweigh the aggravating circumstances," Appellant's Br. at 12, but he cites no authority for the proposition that such a statement is required in the post-*Anglemyer* era, let alone when a trial court imposes the advisory (formerly presumptive) sentence. *Cf. O'Neill v. State*, 719 N.E.2d 1243, 1244 (Ind. 1999) ("[A] judge who imposes the presumptive sentence is under no obligation to explain his reasons through the delineation of the aggravating and mitigating circumstances.").