**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 11 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FOSTER MOWREY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1102-FD-158

April 11, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Foster Mowrey ("Mowrey") pleaded guilty to one count of battery[1] as a Class D felony and one count of possession of marijuana[2] as a Class A misdemeanor and was sentenced to an aggregate term of two years executed in the Department of Correction. He appeals, raising the following restated issue: whether the trial court erred in sentencing him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 27, 2011, Mowrey was incarcerated in the Allen County Jail as a result of theft and criminal trespass charges. Another inmate, who was sharing a cell with Mowrey, informed a correctional officer that Mowrey had drugs on his person. Based on this information, the correctional officer entered Mowrey's cell, bringing six other officers due to Mowrey's past disciplinary problems. While the officers searched the room and the inmates, Mowrey became aggressive. During the search, the officers found, near the toilet area of the cell, a blue latex glove that had been tied up into the shape of a little baggie that appeared to have been ripped open. The officers found nothing on any of the other inmates in the cell. The officers then attempted to transport Mowrey to another area to do a strip search, and he kicked a correctional officer in the chin. The officers then searched Mowrey, and during the search, a small, blue latex baggie, containing what was later determined to be two grams of marijuana, fell out of Mowrey's buttocks area.

---

[1] *See* Ind. Code § 35-42-2-1(a)(2).

[2] *See* Ind. Code § 35-48-4-11.

The State charged Mowrey with battery as a Class D felony and possession of marijuana as a Class A misdemeanor. On June 9, 2011, he pleaded guilty as charged. During the course of his sentencing hearing, Mowrey attempted to orally withdraw his guilty plea, and the trial court denied such request. The trial court sentenced him to two years for Class D felony battery and one year for Class A misdemeanor possession of marijuana and ordered the sentences to run concurrently with each other for an aggregate sentence of two years executed. Mowrey now appeals.

## DISCUSSION AND DECISION

Trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id*. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id*. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*.

A trial court may abuse its discretion by entering a sentencing statement that omits mitigating factors that are clearly supported by the record and advanced for consideration. *Id*. at 490-91. Because the trial court no longer has any obligation to

"weigh" aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors. *Id*. at 491. Once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then "impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana." Ind. Code § 35-38-1-7.1(d).

Although Mowrey states that he is arguing that his sentence was inappropriate, it actually appears that he is contending that the trial court abused its discretion in failing to find certain mitigating factors. Specifically, Mowrey claims that the trial court should have found his difficult childhood to be a mitigating factor because he suffered abuse during childhood. He further argues that the trial court should have found his guilty plea to be a mitigating factor since it alleviated the State's need to further prepare for trial.

The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Storey v. State*, 875 N.E.2d 243, 252 (Ind. Ct. App. 2007) (citing *O'Neill v. State,* 719 N.E.2d 1243, 1244 (Ind. 1999)), *trans. denied* (2008). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Id*. (citing *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002)). "However, the trial court may 'not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.'" *Id*. (quoting *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001)).

Our Supreme Court has "consistently held that evidence of a difficult childhood

4

warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000). In his pre-sentence investigation report, Mowrey stated that, although he suffered some abuse in his childhood, he had a fair childhood and maintained a fair relationship with his family. At sentencing, the only evidence of Mowrey's difficult childhood was his attorney's argument that "[h]is parents really contributed nothing to his upbringing" and that had "a lot to do with all of [his] convictions." *Sent. Tr.* at 6. We do not believe that the trial court abused its discretion in not finding Mowrey's childhood to be a mitigating factor.

A guilty plea is not automatically a significant mitigating factor. *Brown v. State*, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009) (citing *Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind. 1999)). When the defendant has already received a substantial benefit from the plea agreement, a guilty plea may not be a significant mitigator. *Id.* Moreover, a guilty plea may not rise to the level of significant mitigation where the evidence against the defendant is such that the decision to plead guilty is more likely the result of pragmatism than the acceptance of responsibility and remorse. *Davies v. State,* 758 N.E.2d 981, 987 (Ind. Ct. App. 2001), *trans. denied* (2002).

Here, it appears that Mowrey's decision to plead guilty was more likely the result of pragmatism. At least six officers, in addition to the victim, were present when Mowrey kicked the correctional officer in the chin and the marijuana was discovered in Mowrey's possession. Therefore, Mowrey's guilty plea was likely a sign of pragmatism. Further, the guilty plea was not an acceptance of responsibility and remorse on Mowrey's part. At sentencing, Mowrey attempted to withdraw his plea and admitted to lying in

open court to obtain the plea. *Sent. Tr.* at 8. Instead of accepting responsibility, he claimed he "made a lot of false accusations by stating . . . I did the crime," and that he was battered by the officers. *Id.* We therefore conclude that the trial court did not abuse its discretion in its finding of mitigating factors.

Additionally, "[t]his court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

We initially note that, although Mowrey raises the contention that his sentence was inappropriate because of the trial court's alleged failure to consider significant mitigating circumstances, he does not fully develop any argument explaining why his aggregate two-year sentence was inappropriate in light of the nature of the offense and his character. "'A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record.'" *Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009) (quoting *Davis v. State*, 835 N.E.2d

1102, 1113 (Ind. Ct. App. 2005), *trans. denied* (2006)); *see also* Ind. Appellate Rule 46(A)(8)(a) (requiring that contentions in appellant's briefs be supported by cogent reasoning and citations to authorities, statutes, and appendix or parts of record on appeal). Therefore, in light of Mowrey's failure to provide a cogent argument in support of his claim, Mowrey has waived such claim on appeal.

Waiver notwithstanding, Mowrey's sentence was not inappropriate. While incarcerated on other non-related offenses, Mowrey disregarded the rules of the correctional institution by possessing marijuana in the facility. When the correctional officer attempted to search him for such contraband, he became aggressive and kicked a correctional officer in the chin. Further, Mowrey has a very extensive criminal history that consists of eighteen delinquency adjudications, approximately twenty-seven misdemeanor convictions, and five felony convictions. He has had suspended sentences revoked and probation revocations. We therefore conclude that Mowrey had not shown that his two-year executed sentence was inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BARNES, J., and BRADFORD, J., concur.