**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 23 2013, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSHUA C. JACKSON,                      )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                  )     No. 35A02-1207-CR-589
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-1112-FB-253

**January 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Joshua C. Jackson pled guilty to Class B felony robbery and received a fourteen-year sentence, with four years suspended to probation. As a condition of his probation, Jackson was ordered to pay $6731.85 in restitution, in a manner to be determined by his probation officer. On appeal, Jackson contends that the trial court abused its discretion by failing to identify two mitigating factors and his sentence is inappropriate. Jackson also argues that the trial court abused its discretion when it ordered him to pay restitution without sufficient evidence in the record to support the order, failed to inquire into his ability to pay, and failed to fix the manner of payment. We conclude that the trial court did not fail to recognize mitigating factors and Jackson's sentence is not inappropriate. However, we conclude that the trial court erred by ordering Jackson to pay restitution. We affirm in part, reverse in part, and remand.

**Facts and Procedural History**

In November 2011, Jackson and three other men drove to Huntington to rob the Beacon Credit Union. The men dropped Jackson off at a gas station near the credit union to serve as a lookout. The men then drove to the credit union. The driver stayed in the car and the remaining two men went inside. Once inside, one man, who was armed with a handgun, told a female employee to give him the money from the safe and teller drawers. After she did so, the men bound her hands and feet with duct tape and fled. Meanwhile, Jackson had walked to the credit union and was waiting in the car with the driver. The four men drove to a hotel in Fort Wayne, where they counted and divided the money they had stolen.

2

Jackson and the other men were arrested months later, in spring 2012. Jackson was charged with and pled guilty to one count of Class B felony robbery. At sentencing, Jackson's counsel argued that Jackson had accepted responsibility for his actions by pleading guilty and noted that Jackson had "a very hard upbringing[,] Judge. He grew up in the inner-city Chicago area." Tr. p. 8. Counsel also emphasized that the Huntington robbery was Jackson's first robbery, though he had committed other robberies in Allen County at the end of 2011.[1] *Id.* at 8-9. The prosecutor asked the trial court to order Jackson to pay restitution in the amount of $6731.85, "the amount of money that was not able to be recovered" by the credit union. *Id.* at 14.

In sentencing Jackson, the trial court identified his criminal history as an aggravating factor:

> Uh, taking out the Allen County matters, there still remains a number of matters uh, that constitute the criminal history and I take those into consideration as aggravators uh, in this case they go back to July of 2008, August 2008, April 2010, uh, August 2010, August 2010, and May 2011. Uh, and I use those as aggravators as criminal history.

*Id.* at 16. The court also recognized Jackson's guilty plea as a mitigating factor. The court concluded:

> [I]'m going to use ten years, I'm going to aggravate it with four years, which would be fourteen. I'm going to suspend four to probation, which would leave ten. That will run consecutive to the Allen County cases . . . . Uh, there'll be restitution of [$6731.85], and that will be joint and several with any of the co-defendants.

---

[1] At the time of sentencing for the Huntington robbery, Jackson had pled guilty to multiple robberies in Allen County and was serving his sentence for those crimes. *See* Tr. p. 4, 9; Appellant's App. p. 36.

*Id.* at 17. In probation documents, restitution is listed as a condition of Jackson's probation, "to be paid at a rate as established by your probation officer[.]" Appellant's App. p. 9. Jackson now appeals.

## Discussion and Decision

On appeal, Jackson contends that the trial court abused its discretion by failing to identify two mitigating factors and his sentence is inappropriate. Jackson also argues that the trial court abused its discretion by ordering him to pay restitution without sufficient evidence in the record to support the order, failing to inquire into his ability to pay, and failing to fix the manner of payment.

## I. Sentence

### A. *Abuse of Discretion*

Jackson first argues that the trial court abused its discretion by failing to identify two mitigating factors: his difficult childhood and his "minimal role" in the robbery. Appellant's Br. p. 7. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Storey v. State*, 875 N.E.2d 243, 252 (Ind. Ct. App. 2007) (citing *O'Neill v. State*, 719 N.E.2d 1243, 1244 (Ind. 1999)), *trans. denied*. The trial court is not obligated to accept a defendant's arguments as to what constitutes a mitigating factor. *Id.* (citing *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002)). "However, the trial court may 'not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.'" *Id.* (quoting *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001)).

4

Our Supreme Court has "consistently held that evidence of a difficult childhood warrants little, if any, mitigating weight." *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000). The presentence investigation report contains a statement by Jackson that he was mentally, emotionally, and verbally abused by his family during his childhood. Appellant's App. p. 40. However, Jackson did not argue that this was a mitigating factor at his sentencing hearing.[2] It is well-established that the trial court cannot be said to abuse its discretion by failing to consider a mitigating factor that was not raised at sentencing. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*; *see also Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006) ("[I]f the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."). The trial court did not err by failing to recognize Jackson's self-proclaimed difficult childhood as a mitigating factor.

Jackson also argues that the trial court abused its direction by failing to recognize his minimal role in the robbery as a mitigating factor. Evidence that the defendant played a lesser role in the crime may constitute a mitigating circumstance. *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999). But where we have found this to be true, there is evidence of the defendant's role in planning or initiating the crime. *See id*; *see also Widener v. State*, 659 N.E.2d 529, 534 (Ind. 1995); *Roney v. State*, 872 N.E.2d 192, 205

---

[2] Jackson argues that he did raise this issue at his sentencing hearing. *See* Appellant's Reply Br. p. 3. But at sentencing, Jackson's counsel told the court, "Um, he did have a very hard upbringing[,] Judge. He grew up in the inner-city Chicago area." Tr. p. 8. That was all that was said about Jackson's childhood and did not raise the same argument Jackson makes on appeal—that he had a difficult childhood due to mental, emotional, and verbal abuse by family members. And to the extent this information was briefly mentioned in the presentence investigation report, we cannot say that the trial court erred in failing to recognize Jackson's abuse claim as a mitigating factor.

(Ind. Ct. App. 2007), *trans. denied.*  Importantly, Jackson does not argue that the evidence shows he did not plan or initiate the crime; rather, he argues that "the record contains no evidence" that he did so.  Appellant's Br. p. 7.  But in order to show that the trial court failed to identify this alleged mitigating factor, Jackson must establish that the mitigating evidence is both significant and clearly supported by the record.  *Anglemyer*, 868 N.E.2d at 493.  Here, Jackson correctly states that there is no evidence pertaining to his role in initiating or planning the crime—there is no such evidence because Jackson failed to argue that mitigating factor at sentencing.[3]  For that reason, we cannot say that the trial court erred.

### B.  Appropriateness

Jackson also argues that his fourteen-year sentence, with four years suspended to probation, is inappropriate in light of the nature of the offense and his character.   He asks that we revise his sentence to ten years, with four years suspended to probation.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491)).

---

[3] To the extent that Jackson argues that his "Motion to Enter a Plea of Guilty" raised the issue of his minimal role in the robbery and apprised the trial court of his claimed lesser role, this does not change the fact that there is no evidence regarding Jackson's role in initiating or planning the Huntington robbery.

When assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Stetler v. State*, 972 N.E.2d 404, 408 (Ind. Ct. App. 2012), *trans. denied*. The defendant has the burden of persuading us that his sentence is inappropriate. *Reid*, 876 N.E.2d at 1116 (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

The sentencing range for a Class B felony is six to twenty years, with ten years being the advisory term. Ind. Code § 35-50-2-5. Here, the trial court sentenced Jackson

to fourteen years, with four years suspended to probation. This is within the statutory range.

As to the nature of Jackson's crime, Jackson and three other men robbed a credit union; Jackson served as a lookout at the nearby gas station. During the robbery a female credit-union employee was threatened with a gun and ordered to hand over the money in the safe and teller drawers. After she complied, the two men inside the credit union bound her hands and feet with duct tape. The four men then fled with thousands of dollars. The nature of the offense is serious.

As for Jackson's character, he committed four misdemeanors in Illinois before the Huntington robbery: reckless conduct and theft in 2008, domestic battery in 2010, and criminal trespass in 2011. Appellant's App. p. 37-38. He also violated his bond in 2010 and spent two days in jail for another offense that is not described in the presentence investigation report. *Id.* Jackson's criminal conduct escalated in 2011 with the Huntington robbery, but Jackson did not stop there. In the months after the Huntington robbery, Jackson committed additional robberies in Allen County. Although the trial court did not consider these additional robberies, we may do so. *Stetler*, 972 N.E.2d at 408. Criminal activity that occurs subsequent to the offense for which one is being sentenced is a proper sentencing consideration. *Sauerheber v. State*, 698 N.E.2d 796, 806 (Ind. 1998). Jackson's quickly escalating criminal behavior and the timing of the Huntington and Allen County robberies shows Jackson's predilection for this type of crime and the significant risk that Jackson will commit another offense. And while we acknowledge that Jackson pled guilty in this case, this consideration fails to outweigh

Jackson's character. Jackson has not met his burden of demonstrating that his sentence is inappropriate.

## II. Restitution

Jackson also contends that the trial court abused its discretion by ordering him to pay restitution without inquiring into his ability to pay and by failing to fix the manner of payment. In addition, he argues that there is insufficient evidence in the record to support the restitution order. A restitution order is within the trial court's discretion, and we will only review the order for an abuse of that discretion. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied.*

> As a condition of probation, the trial court may order a defendant to:
>
> [m]ake restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim. When restitution or reparation is a condition of probation, the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance.

Ind. Code § 35-38-2-2.3(a)(6). A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime. *Rich*, 890 N.E.2d at 49. The amount of actual loss sustained by a victim is a factual issue that can be determined only through the presentation of evidence.[4] *Id.*

There are three problems with the restitution order in this case. First, the record shows that the trial court made no inquiry into Jackson's ability to pay restitution, and no

---

[4] The State argues that the restitution order was not a condition of Jackson's probation, and for that reason, the trial court had no duty to inquire into Jackson's ability to pay. *See Pearson v. State*, 883 N.E.2d 770, 773 (Ind. 2008) (no inquiry into ability to pay is required when restitution is part of executed sentence rather than being a condition of probation). But restitution is an expressly stated condition of Jackson's probation in Jackson's probation documents. *See* Appellant's App. p. 9. Thus, the State's argument fails.

evidence was offered by Jackson or the State on this issue. Such an inquiry must be made. I.C. § 35-38-2-2.3(a)(6). Second, the court did not fix the manner of payment—it left this issue to the probation department to determine. This was error. *See McGuire v. State*, 625 N.E.2d 1281, 1282 (Ind. Ct. App. 1993) (trial court's order that probation department fix the manner of payment did not comply with statutory requirements). Third, the only evidence in the record of the credit union's loss was the prosecutor's statement that the amount was $6731.85. There was no supporting evidence in the presentence investigation report and no statement from the credit union regarding the loss it suffered. This is insufficient to establish the amount of restitution in this case. *See Smith v. State*, 471 N.E.2d 1245, 1248 (Ind. Ct. App. 1984) (holding that unsworn statement from deputy prosecutor, with no supporting evidence, was insufficient to establish the amount of restitution), *reh'g denied*, *trans. denied*.

We remand with instructions that the trial court inquire into Jackson's ability to pay restitution. If Jackson is able to pay, the trial court should determine, based on evidence, the amount to be paid and fix the manner of payment.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and BROWN, J., concur.