Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALBERT LEE BAKER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 53A01-1210-CR-490 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Teresa D. Harper, Judge
Cause No. 53C09-1108-FB-772

April 3, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Albert Lee Baker ("Baker") pleaded guilty to one count of dealing in a narcotic drug[1] as a Class B felony and appeals from the trial court's sentencing order from that conviction. Baker presents the following restated issues for our review:

I.      Whether the trial court abused its discretion when imposing Baker's sentence; and

II.     Whether Baker's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 16, 2011, two Bloomington police officers observed Baker arrive at a Citgo gas station in Monroe County. Baker, who had an outstanding warrant for his arrest issued in Morgan County, approached an unknown person in the parking lot and exchanged two-tenths of a gram of heroin for fifty dollars. The officers arrested Baker, and during a pat-down search incidental to the arrest, found additional amounts of heroin on Baker's person. After Baker was advised of his rights, he admitted to the officers that he sold the unknown individual two-tenths of a gram of heroin for fifty dollars.

The State charged Baker with one count of dealing in a narcotic drug as a Class B felony. On September 26, 2012, Baker entered into a plea agreement, which consisted of Baker's agreement to plead guilty as charged in exchange for the State's agreement to dismiss one count of operating a motor vehicle after lifetime forfeiture as a Class C felony charged under a separate cause number. The trial court accepted the guilty plea and imposed a sentence of sixteen years executed with two years suspended to probation.

---

[1] *See* Ind. Code § 35-48-4-1.

2

Baker now appeals.

## DISCUSSION AND DECISION

## I.  Abuse of Discretion

Baker contends that the trial court abused its discretion when sentencing.  More specifically, Baker claims that the trial court erred by failing to give sufficient weight to Baker's military service, substance abuse problems, and his potential to be successfully rehabilitated.  Baker further contends that that the trial court abused its discretion by failing to recognize other mitigating factors that he proferred, including his diagnosis of Post-Traumatic Stress Disorder ("PTSD"), acceptance of responsibility, and plea of guilty.

Trial courts are required to enter sentencing statements whenever a sentence for a felony offense is imposed.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  That statement must include a reasonably detailed recitation of the reasons for imposing the particular sentence selected.  *Id.*  If there is a finding of aggravating and mitigating circumstances, the statement must identify all significant mitigating and aggravating circumstances with an explanation of the characterization of the circumstances as either aggravating or mitigating.  *Id*.

As long as the sentence is within the statutory range for the particular offense, we must determine only if there was an abuse of discretion.  An abuse of discretion exists if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id*.

3

Of the ways in which a trial court can abuse its discretion in sentencing, the examples relevant to our inquiry here include entering a sentencing statement that explains the reasons for imposing a sentence accompanied by the finding of aggravating and mitigating factors which are not supported by the record, entering a sentencing statement that omits reasons clearly supported by the record and advanced for consideration, or the reasons are improper as a matter of law. *Id*. We will remand the matter for resentencing if we cannot say with confidence that the trial court would have imposed the very same sentence had it considered the omitted reasons that are clearly supported by the record for sentencing. *Id*. A trial court cannot be said to have abused its discretion by improperly weighing aggravating and mitigating factors because the trial court no longer has an obligation to do so when sentencing a defendant. *Id*.

Baker was sentenced for his conviction of a Class B felony offense. The sentencing range for a Class B felony is a fixed term of between six years and twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The trial court sentenced Baker to a term of sixteen years executed with two years suspended to probation, and as such the sentence clearly falls within the statutory range for the offense.

"In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings." *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002). With regard to Baker's military service, substance abuse problems, and his potential to be successfully rehabilitated, we note that the trial court explicitly acknowledged each of those factors as is reflected in the transcript. In rejecting Baker's argument here, we

4

reiterate that a trial court cannot be said to have abused its discretion by improperly weighing aggravating and mitigating factors because the trial court no longer has an obligation to do so when sentencing a defendant. *Anglemyer*, 868 N.E.2d at 491. The trial court did not abuse its discretion in this regard.

Baker also argues that the trial court abused its discretion by failing to recognize in its sentencing order, the proferred mitigating factors including, Baker's diagnosis of PTSD, his acceptance of responsibility, and guilty plea. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Storey v. State*, 875 N.E.2d 243, 252 (Ind. Ct. App. 2007) (citing *O'Neill v. State*, 719 N.E.2d 1243, 1244 (Ind. 1999)), *trans. denied* (2008). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. *Id*. (citing *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002)). "However, the trial court may 'not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.'" *Id*. (quoting *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001)).

With respect to Baker's argument that the trial court omitted Baker's diagnosis of PTSD, we note that Baker did not advance this claimed mitigating factor during the sentencing hearing. We acknowledge that the pre-sentence investigation report ("PSI") makes reference to Baker's statement that he had been diagnosed with PTSD, and Baker makes reference to the diagnosis and diagnosing physician in a letter written to the trial court. However, our Supreme Court, in *Anglemyer*, explicitly stated that with the

5

exception of the defendant's plea of guilty, a factor not advanced as a mitigating factor at sentencing, is precluded from our review on appeal. 875 N.E.2d at 220. Baker has failed to establish that his diagnosis of PTSD was clear and significant such that the trial court abused its discretion at sentencing.

With respect to Baker's acceptance of responsibility and guilty plea, we note that Baker's decision appears to have been a pragmatic one. Baker pleaded guilty after more than a year had passed after his commission of the offense, and his jury trial was set and reset to four different dates. The evidence of Baker's guilt was conclusive, as he was observed by two officers in the act of selling heroin, and a search of his person revealed additional amounts of heroin, individually wrapped and prepared.

> It is well settled that a trial court is not obligated to weigh or credit a mitigating factor as the defendant suggests. Further, the fact that a defendant pleaded guilty does not automatically amount to a significant mitigating factor. Where the State "reaps a substantial benefit" from a defendant's guilty plea, "the defendant deserves to have a substantial benefit returned" in terms of the guilty plea being given significant mitigating weight. *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999). Where, however, the defendant has received a substantial benefit or where the evidence against him is such that the decision to plead guilty is a pragmatic one, the fact that a defendant pleaded guilty does not rise to the level of significant mitigation.

*Lindsey v. State*, 877 N.E.2d 190, 198 (Ind. Ct. App. 2007) (some internal citations omitted). The same is true of Baker's argument regarding his acceptance of responsibility. The State agreed to dismiss a Class C felony offense charged under a separate cause number. Furthermore, while the State did not have to incur the expense of

6

a jury trial, the matter remained pending for some time before Baker pleaded guilty. The trial court did not abuse its discretion by failing to find these claimed mitigating factors.[2]

## II. Appellate Rule 7(B) Analysis

Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id*. (citing *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006)). Furthermore, our review under Appellate Rule 7(B) focuses on whether the sentence imposed is inappropriate, rather than whether another sentence is more appropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

Assuming without deciding that the nature of Baker's offense was not extraordinary, we conclude that Baker's sentence is not inappropriate in light of Baker's character as disclosed by his extensive criminal history. Notwithstanding Baker's juvenile record, which could not be located or verified, Baker's adult criminal history is extensive. Baker has been charged with more than 100 crimes, more than sixty of them misdemeanors, and more than thirty of them felonies. Baker has twenty-five misdemeanor convictions and has been convicted of thirteen felonies. Of the charges that

---

[2] We will address Baker's argument regarding his potential for rehabilitation in our analysis under Indiana Appellate Rule 7(B). We simply note here, that during the sentencing hearing, the trial court acknowledged Baker's efforts to conquer his significant substance abuse issues.

7

did not result in convictions, a substantial number were dismissed pursuant to plea agreements. Excluding the felony that was dismissed as part of the plea agreement at issue, Baker had four felony and three misdemeanor charges pending at the time of his sentencing in the present case. The offenses reduced to conviction range from theft, intimidation, escape, and forgery, to offenses related to operating a vehicle while intoxicated. We find the aggravating factor of criminal history to be significant and that it supports the sentence imposed by the trial court.

The trial court also noted and the PSI reflects that Baker has violated the terms of his probation on numerous occasions, has violated the conditions of his work release, and has violated the conditions of home detention. The trial court granted Baker a period of two years served on probation in order for Baker to establish, prior to the completion of his sentence, that he could lead a law-abiding life. Baker has failed to meet his burden of establishing that his sentence is inappropriate in light of his character; thus, we affirm the trial court.

Affirmed.

VAIDIK, J., and PYLE, J., concur.